PÉREZ BROTHERS, PLAINTIFFS AND APPELLANTS, v. ARENAS,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of
Debt.—Motions to Strike and to Amend the Record.

No. 2551.—Decided February 9, 1922.

CORRECTION OF RECORD—APPEAL.—The errors which may be corrected in the Su-
preme Court in accordance with Rules 55 and 56 are those which may have
been made in copying and are evident, or those which consist in the omis-
sion of a part of the original statement or bill approved, or of the general
documents which form a part of the judgment-roll, or of some other inde-
pendent document duly authenticated as proper or necessary for the appeal;
but these Rules do not authorize the striking out of evidence which was in-
cluded in the statement of the case prepared by the appellants without ob-
jection by the adverse party and certified to by the trial judge as correct.
ID.—ID.—The general rule is that a statement of the case on appeal can not be
amended or changed in the appellate court, because that court should re-
ceive and act on the settled case as it comes from the court below, as im-
porting absolute verity. But the court may allow a reasonable time in which
to apply to the lower court for a correction. In some jurisdictions if either
party feels prejudiced by reason of matters either inserted in or omitted
from the statement of the case as settled by the trial judge, he may move
the Supreme Court to establish a proper statement in regard to such matters.

The facts are stated in the opinion.
Mr. A. Agosto for the appellants.
Mr. José Guzmán Benítez for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The defendant-appellee filed two motions which were
heard at the same time on February 6, 1922. One motion
was for leave to add to the record and the other to strike
out a certain document contained therein. The plaintiff-ap-
pellants agreed to the former and opposed the latter.

1. There is no doubt that in this case the transcript of
the record may and should be enlarged by the addition of
the document accompanying the motion, it being a certified
copy of the order of the court containing the grounds on
which the trial judge based his decision of the case.

2. In the motion to strike out it is alleged: "That un-

doubtedly through error or inadvertence there has been included in the record of this appeal on pages two to four a copy of an account which was not offered in evidence, as shown by the statement of the case prepared by the appellants.'' The motion was not verified.

In opposing the motion to strike out the appellants contended that at the present stage of the proceedings this court is without jurisdiction to sustain the motion of the appellee.

Rules 55 and 56 of this court governing cases of diminution of the record read as follows:

''55. For the purpose of correcting any error or defect in the transcript, either party may suggest the same in writing by motion filed with the Secretary and, upon good cause shown, obtain an order that the proper Secretary or officer certify to this Court the whole or any part of the record, as may be required, or the same may be produced duly certified without such order.

''56. If the attorney or counsel of the adverse party be absent, or the fact of the alleged error or defect disputed, the suggestion, except when a certified copy of the omitted record is produced at the time, must be accompanied by an affidavit showing the existence of the error or defect alleged.''

The wording of these Rules shows clearly their scope and meaning. A statement of the case is prepared, as was done in this case, in the trial court. The interested parties take part in its preparation, as they did in this case; and it is finally approved, as this one was approved, by the judge who rendered the judgment, who also certifies to its correctness in accordance with the law. After it is approved and certified to it should not and can not be altered in this court without the intervention of the trial judge. The errors which may be corrected in this court by motion are those which may have been made in copying and are evident, or those which consist in the omission of parts of the approved original statement or bill of exceptions from the general record which form a part of the judgment roll, or from some other

independent document duly authenticated and proper or necessary for the appeal, as is the case with the motion of this appellee for addition to the record which we have just considered.

A motion to correct the record is not the means authorized by the Rules of this court for striking out a portion of the evidence which was included in the statement of the case prepared by the appellants, the inclusion of which was not objected to by the adverse party, and which the trial judge certified to be correct. For such cases, which must necessarily be of rare occurrence, the law gives appropriate remedies.

"The general rule is that a case or statement of facts on appeal cannot be amended or altered in the appellate court, because that court must receive and act upon the case settled as it comes from the court below, and as importing absolute verity. But the court may, on application, allow a reasonable time to apply to the lower court for a correction. In some jurisdictions, if either party feels aggrieved by reason of matters either inserted in or omitted from the statement as settled by the trial judge, he may apply by petition in the Supreme Court to establish a proper statement in regard to such matter." 4 C. J., sec. 2035, p. 371.

Furthermore, an examination of this statement of the case does not show that the evidence referred to was not offered and admitted. An account book was offered and admitted and what was pertinent to the case was transcribed from it.

For the foregoing reasons the motion to add to the record is sustained and the motion to strike out is overruled.

*Motion to correct sustained.*
*Motion to strike overruled.*

Justices Wolf, Aldrey and Hutchison concurred.